**Paisley NICKELSON, Appellant,**

v.

**William Thomas DAVIS, Appellee.**

**No. 8819.**

United States Court of Appeals Fourth Circuit.

Argued Jan. 11, 1963.

Decided March 28, 1963.

Benny R. Greer, Darlington, S. C. (James P. Mozingo, III, Darlington, S. C., E. E. Saleeby, Hartsville, S. C., and Greer & Chandler, Darlington, S. C., on the brief), for appellant.

John M. Scott, Florence, S. C. (Paulling & James, Darlington, S. C., and Wright, Scott, Blackwell & Powers, Florence, S. C., on the brief), for appellee.

Before HAYNSWORTH and BOREMAN, Circuit Judges, and LEWIS, District Judge.

HAYNSWORTH, Circuit Judge.

This is an action for personal injuries sustained in an automobile accident, the plaintiff being a resident of South Carolina, where the action was filed, and the defendant being a resident of Virginia. Judgment was entered for the defendant upon a verdict of a jury in his favor.

Upon appeal, the plaintiff complains that the Court refused to question the prospective members of the jury upon their *voir dire* as to the possibility of prejudice against allowance to the plaintiff, a Negro, of the full amount of his damages in the event that the jury found that he was entitled to a recovery.[1] The defendant, as well as the plaintiff, was a Negro. There was no racial controversy and no apparent reason to suppose that the issues to be tried would provoke latent racial prejudice, or that racial considerations would influence, in any way, the jury in its deliberations.

When the adverse parties are of different races, it may be appropriate to inquire of prospective jurors upon their *voir dire* as to the existence of racial prejudice and their capacity to fairly try the issues without regard to the races of the parties.[2] When the parties are all of the same race, however, similar inquiries upon *voir dire* may serve only to inject into the case racial considerations which otherwise would not occur to the jurors. Under such circumstances, references to possible racial bias may tend to stimulate rather than ameliorate latent prejudices.

Under the circumstances of this case, however, the parties being of the same race, the Court's refusal to question the jurors respecting possible racial bias was clearly within the large discretion vested in the District Court in deciding what lines of questioning shall be allowed upon the *voir dire* examination of jurors.

The plaintiff also complains about the denial of his motion for a peremptory instruction that the defendant was negligent and his negligence was a proximate cause of the plaintiff's injuries.

The plaintiff was injured when he drove his automobile into the rear of the defendant's parked truck. Night had fallen and the plaintiff charged the defendant with negligence in not having lights showing upon his parked vehicle. A South Carolina statute[3] requires such lights upon vehicles which are parked in the nighttime upon a roadway, unless there is sufficient light in the area to reveal an object for a distance of 500 feet.

There was testimony that there were lights in the area, so that the ab-

1. The specific questions suggested by the plaintiff were:
   "If the evidence shows that the plaintiff is entitled to a verdict from the defendant, do you have any bias or prejudice that would prevent you from awarding the plaintiff, a Negro, the full amount of damage to which he shows he is entitled, because of his race? In other words, would you award equal damages for equal injuries to a person regardless of his race?"

2. Aldridge v. United States, 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054.

3. South Carolina Code of Laws 1952, Section 46–539.

sence of lights upon the defendant's vehicle was not conclusively established as a violation of the statute. Moreover, the plaintiff's testimony of the conditions under which he was driving at the time leaves a permissible inference that, if the vehicle had been lighted at the time, he would not have seen the lights in time to have avoided the collision.[4] If the defendant's failure to comply with the statutory requirement be conceded, whether that omission was the proximate cause of the collision, in light of the plaintiff's negligence, was a question for the jury. The Court correctly refused the peremptory instruction that the defendant was negligent and his negligence a proximate cause of the plaintiff's injury.

We find no merit in the appeal.

Affirmed.

4. The plaintiff testified that he was driving through a cloud of dust, temporarily raised by an automobile proceeding upon the unpaved roadway in front of him, and that he was blinded by the dust and by the lights of an automobile approaching in the opposite direction.